# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALAN R. BRILL, | ) | |
| | ) | |
| Appellant, | ) | |
| vs. | ) | No. 3:10-cv-0100-RLY-WGH |
| | ) | |
| BRILL MEDIA COMPANY, LLC, et al., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |
| | ) | |
| In re:  BRILL MEDIA COMPANY, LLC., et al., | ) | Case No. 02-70079-BHL-11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## ENTRY ON BANKRUPTCY APPEAL FROM
## ORDER DENYING APPLICATION OF ALAN R. BRILL FOR COMPENSATION

On April 15, 2010,  appellant Alan Brill filed in the Bankruptcy Court an application for payment of compensation and administrative expenses pursuant to 11 U.S.C. § 503(a)(b)(2), (b)(3)(D), and (b)(4) ("Brill's Claim"). On May 21, 2010, the Bankruptcy Court denied in substantial part the Brill Claim ("Claim Order"). Brill sought a total payment of $2,312,559.00, but the Claim Order awarded him only $25,000.00 in administrative expenses. Brill has appealed the Claim Order. This court has jurisdiction under 28 U.S.C. § 158(a)(1). For the reasons set forth below, the Bankruptcy Court's Claim Order is **affirmed.**

### Standard of Review

A decision to award or deny professional fees under 11 U.S.C. § 503 is reviewed under the abuse of discretion standard. *See Matter of Kenneth Leventhal & Co.*, 19 F.3d 1174, 1177 (7th Cir. 1994). "Generally speaking, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004). The bankruptcy court's factual findings made in deciding whether to award compensation or reimbursement are reviewed under a clearly erroneous standard. *Matter of Kenneth*, 19 F.3d at 1177. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation omitted). Conclusions of law are reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004).

*Discussion*

Brill's Claim sought compensation for 2,221 hours of his time at $400 per hour for a total of $887,800.00. He also sought repayment of other professionals' fees and expenses in an amount in excess of $1.3 million and reimbursement of out of pocket expenses totaling $80,000.00, which included $60,000 for travel, $6,000 for conference calls, and $14,000 in miscellaneous expenses. The Bankruptcy Court denied Brill's Claim on the following bases: 1) Brill was not entitled to compensation under section 503(b)(2) or (b)(4) because he was not an attorney, accountant, officer, examiner, trustee, ombudsman, or a professional person employed under section 327 or 1103 of the Bankruptcy Code; 2) Brill was not entitled to actual necessary administrative expenses under section 503(b)(3)(D) because he failed to provide supporting documentation; and 3) Brill released all past, present and future claims under the terms of the Settlement Agreement. Despite the release of claims, the Bankruptcy Court awarded Brill $25,000 for expenses incurred during the course of the California Litigation.[1] Brill challenges each of the Bankruptcy Court's conclusions.

*Sections 503(b)(2) and (b)(4)*

Brill first challenges the Bankruptcy Court's ruling that he was not entitled to compensation under section 503(b)(2) or (b)(4). Brill argues that he satisfied those statutory requirements because he was an officer of the Debtors at certain times and he was also an accountant.

Section 503(b)(2) provides that administrative expenses may be allowed for compensation and reimbursement under section 330(a). Section 330(a) allows reasonable compensation for actual, necessary services rendered by officers of the estate, including the trustee, examiner, ombudsman, professional person, or attorney. 11 U.S.C. § 330(a). Payment to an officer or professional under section 330(a) is conditioned on having approval under section 327. *In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 636 (7th Cir. 2000). Section 327 provides that "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a). The Bankruptcy Court correctly concluded that to receive compensation and reimbursement under section 503(b)(2), Brill would have to have been employed under section 327(a) of the Bankruptcy Code. The Bankruptcy Court further concluded that Brill had not been so employed.

---

[1]Litigation against certain parties in the California state courts relating to the Estate is referred to in the Bankruptcy Court as the "California Litigation."

Brill challenges the factual finding that he had not been employed as a professional under section 327. In support of his claim, Brill took the position in the Bankruptcy Court that he was a court-appointed professional with court-appointed responsibilities relating to the prosecution of the California Litigation. In its Claim Order, the Bankruptcy Court explained that, "[w]hile it is true that Brill was something of an enigma in those proceedings, Brill's role in the California litigation was not on a par with the other Professionals employed pursuant to section 327 of the Bankruptcy Code." (Claim Order at p. 3). "The Court authorized Brill to participate in the California litigation because Brill had a personal interest in that litigation and was uniquely familiar with the facts giving rise to the perceived causes of action." *Id.* Explaining further, the Bankruptcy Court stated that "Brill was granted a voice in the prosecution of that action, along with the BAO [bankruptcy administrative officer], but it was Special Counsel that was authorized to pursue that litigation." *Id.* The Bankruptcy Court further noted that Special Counsel was employed on a contingent fee basis "to protect the Estate from unwarranted expense." *Id.* The Bankruptcy Court's finding that Brill had not been employed as a professional by the Estate with court approval under section 327 was not clearly erroneous.

Section 503(b)(4) permits reasonable compensation for professional services rendered by an attorney or an accountant of a creditor whose expense is allowable under 503(b)(3). "[B]ankruptcy courts narrowly construe the availability of the remedy afforded by §§ 503(b)(3) and (b)(4)." *In re Sentinel Management Group, Inc.*, 404 B.R. 488, 493 (Bankr. N.D.Ill. May 5, 2009). Brill seeks compensation for his time spent participating in the California Litigation, at $400 an hour. He does not seek compensation as a creditor's accountant or attorney for his time spent on the chapter 11 case. The Bankruptcy Court's finding that Brill did not provide services of an attorney or accountant for a creditor was not clearly erroneous.

Brill also asserts that because the case had been authorized on a contingent fee basis, he believed that his efforts and his costs were to be accumulated and held until the outcome of the litigation could be determined. This contention is meritless and, in fact, further supports the opposite conclusion. To be entitled to compensation for services rendered, a professional such as Special Counsel was required to have prior approval, something Brill had not obtained. Indeed, the Bankruptcy Court noted that, "[i]f the Court had intended to compensate Brill for his time spent in pursuing the California litigation, as a Professional or otherwise, the terms of his compensation would have been established at the time Brill was authorized to assume those responsibilities." (Claim Order, at p.4). There is no basis on which to find that the contingent fee arrangement made with Special Counsel would somehow also apply to non-attorney Brill. Brill's beliefs, hopes or expectations as to compensation simply do not trump the clear statutory scheme. The Bankruptcy Court did not abuse its discretion in denying Brill compensation under sections 503(b)(2) and 503(b)(4).

Aside from sections 503(b)(2) and (b)(4), Brill asserts that his claim derives from the terms of the Plan itself, and from the general provisions of section 503(b)(1) as "actual, necessary costs and expenses of preserving the estate." Subpart (1) of section 503(b) permits the court to award as administrative expenses wages, salaries, and commissions for services rendered after the commencement of the case. 11 U.S.C. § 503(b)(1). The Seventh Circuit has made it clear that Brill's attempt to rely on section 503(b)(1) instead of section 503(b)(2) must fail.

> By making express provision for employment under § 327, payment under § 330, and priority under § 503(b)(2), the Code logically forecloses the possibility of treating § 503(b)(1)(A) as authority to pay (and give priority to) claims that do not meet its substantive requirements. Statutes directly addressing a subject prevail over silences and implications of other provisions.

*In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 636 (7th Cir. 2000).

Brill further argues that Section 6.1(d) of the Plan provides for his participation in the California Litigation. This is not disputed. The Bankruptcy Court acknowledged that Brill had participated in the California Litigation with its permission. (Claim Order at p.5). While Section 6.1(d) of the Plan does provide that the BAO and Brill would have joint participation in the California Litigation, it does not provide any basis on which Brill would be entitled to compensation for such participation.

*Section 503(b)(3)(D) - lack of documentation*

The Bankruptcy Court held that Brill was not entitled to actual, necessary administrative expenses incurred by a creditor in making a substantial contribution to a chapter 11 case under section 503(b)(3)(D) because Brill failed to provide supporting documentation. In response to this ruling, Brill asserts that he provided sufficient documentation.

Brill does not dispute the fact that on April 16, 2010, the court offered him an opportunity to present evidence in support of his administrative expense claim. Brill did not request an evidentiary hearing because he said he would rely on the documentation submitted with his application. He admits, however, that he took as "immaterial" and "neglected to document" the $80,000 claimed for travel, telephone, hotel, and taxi expenses. He submitted no supporting documentation with his application for administrative expenses. Rather, he presented a three line list of "other out of pocket expenses," showing "travel - $60,000; conference calls - $6,000, and other - $14,000, for a total of $80,000." (Exhibit H of Brill's Claim). He argues that his "time" was clearly itemized and amounted to approximately $1.3 million. Section 503(b)(3)(D), however, does not compensate professionals for time spent providing services. Rather, that provision applies to "actual,

necessary expenses." 11 U.S.C. § 503(b)(3)(D). Brill considered his $80,000 out of pocket expenses "immaterial" and chose not to provide supporting documentation. Therefore, the Bankruptcy Court's finding that Brill's section 503(b)(3)(D) expenses had not been properly documented is not clearly erroneous.

*Brill released all past, present and future claims*

In addition to denying Brill's claim for expenses under section 503(b)(3)(D) for lack of documentation, the Bankruptcy Court denied that claim for a second reason, that Brill had previously released the Debtors from all past, present and future claims. "There is no question that Brill did release all his claims against the Debtors in the Settlement Agreement. . . . " (Claim Order at p. 5).

Brill argues that he could not have released any "future" claims because such claims did not exist at the time of the Settlement Agreement. To the extent Brill contends that he could not have filed claims related to the California Litigation prior to the filing of the Settlement Agreement, it is not disputed that the Settlement Agreement acknowledged the fact that the California Litigation was not yet resolved. This still provides no authority for Brill to recover for his time and undocumented expenses.

The record fully supports the Bankruptcy Court's assertion that Brill had released his claims against the Debtors in the Settlement Agreement. [Settlement Agreement, ¶ ¶ 2, 14, 30, 32]. A reviewing court affords "substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced that it amounts to an abuse of discretion." *In re Resource Technology Corp.*, 624 F.3d 376, 386 (7th Cir. 2010). There was no error in that finding by the Bankruptcy Court.

*Award of $25,000*

Notwithstanding Brill's release of his claims, the Bankruptcy Court awarded Brill $25,000 as an administrative expense claim because Brill was the primary proponent of the California Litigation and "it would be inequitable to deny Brill's claim in toto." (Claim Order at p.5). Despite the lack of proper documentation, the Bankruptcy Court took judicial notice of the fact that Brill necessarily incurred travel expenses in and during the course of the California Litigation. The grant of this administrative expense was an effort to defray some portion of those travel expenses.

Brill describes this award as an "insult" to the amount of time and work he expended on behalf of the Estate. Again, the amount of time Brill spent on matters related to the Estate did not constitute actual and necessary administrative expenses. The court cannot conclude that the Bankruptcy Court abused its discretion in awarding Brill $25,000 for administrative expenses.

For the reasons discussed above, the Bankruptcy Court did not abuse its discretion in denying in substantial part Brill's claim for compensation and expenses pursuant to 11 U.S.C. § 503. The Bankruptcy Court's Claim Order is **affirmed.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  _3/24/2011_

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana